# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-1531V
### Filed: October 19, 2018
UNPUBLISHED

|  |  |
|---|---|
| SHARON FARNSWORTH, | |
| Petitioner, | Special Processing Unit (SPU); |
| v. | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Amber Diane Wilson, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On November 16, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury caused by the influenza vaccination she received on November 19, 2015. Petition at 1, ¶¶ 2-3, 11-12. On September 10, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 45.

On October 2, 2018, petitioner filed a motion for attorneys' fees and costs. ECF No. 49. Petitioner requests attorneys' fees in the amount of $25,966.70 and attorneys'

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $2,615.36.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $28,582.06.

On October 3, 2018, respondent filed a response to petitioner's motion.  ECF No. 50.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On October 9, 2018, petitioner filed a reply.  ECF No. 51.  Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates his view that his attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below

## I.  Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. at 434.

## II. Attorney Fees

### A. Billing Rates

Petitioner requests the following hourly rates for attorney Amber Wilson: $275 for work performed in 2016, $290 for work performed in 2017 and $308 for work performed in 2018.  For the paralegals rates, petitioner requests hourly rates between $135 - $148.  The undersigned finds petitioner's requested hourly rates reasonable and awards them herein.

For paralegal Emily Monahan, a billing entry was entered at the attorney rate of $275 per hour.  ECF No. 49-1 at 24.  The undersigned reduces Ms. Monahan's rate to the rate of $135, which was previously awarded for her work performed in 2016.  This results in **a reduction of attorney fees requested in the amount of $14.00**.

### B. Excessive and Duplicative Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209.

Billing records show that 11 paralegals worked on this case, with several billing less than one hour. This resulted in multiple reviews of the same records, orders and entries of updating the same entries on files.  For example, Ms. Wilson and her paralegals list 20 entries as reviewing court notifications of filings, totaling 4.2 hours of time.[3]

---

[3] Examples of these entries include:  December 14, 2016 (0.1 hrs ADW) "Read court scheduling order re: initial status conference" (0.1 hrs EKM) "Review Order and save to client file, January 13, 2017 (0.1 hrs ADW) "Read court scheduling order; update case file" (0.1 hrs EKM) "Review Order and save to file. Update case deadlines." and January 9, 2018 (0.20 hrs ADW) Review of Respondent's rule 4" (0.1 hrs KAG) "Review Respondent's report."  ECF No. 49-1 at 6-7 and 16.  ADW is for Attorney Amber Wilson. EKM is for paralegal Emily Monahan.  KAG is for paralegal Kimberly Grabbe.  These entries are merely examples and are not exhaustive.

### C. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 3.8 hours[4] was billed by paralegals on tasks considered administrative including, receiving documents, forwarding correspondence, reviewing and organizing the client file, and mailing documents.

For the reasons listed above, the undersigned shall reduce the overall request for attorney fees by 5 percent. **This results in a reduction in the amount of $1,297.64**.[5]

### III. Attorney Costs

Petitioner requests $2,615.36 in attorney costs, which includes costs for attorney travel, medical records and shipping. The undersigned finds that the amount of costs requested is reasonable and awards it in full.

### IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $27,270.42[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel**

---

[4] Examples of these entries include: April 25, 2016 (0.10 hrs) "Draft correspondence regarding initial call with client and update file", July 18, 2016 (0.20 hrs) "Research contact information for Saint Luke's Hospital for requests for medical records", August 29, 2016 (0.10 hrs) "Process correspondence from records from St. Luke's", December 2, 2016 (0.10hrs) "Prepare and organize medical records to file", and January 13, 2017 (0.10hrs) "Review minute entry and save to client file".  ECF No. 49-1 at 1-4, 6-8, 10, 14, 18-19.  These entries are merely examples and are not exhaustive.

[5] This amount consists of a 5% reduction of the total request for attorney fees minus the reduction of $14.00 for paralegal Emily Monahan.

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

**Amber Diane Wilson.  Petitioner requests check be forwarded to Maglio, Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.